UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| MICHAEL HENRY | * | CIVIL ACTION NO. 14-1660 |
| VERSUS | * | JUDGE S. MAURICE HICKS |
| CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAG. JUDGE KAREN L. HAYES |

### REPORT & RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The District Court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED for further proceedings.**

### Background & Procedural History

Michael Henry protectively filed the instant applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income payments on May 18, 2012. (Tr. 16, 72-78). He alleged disability as of March 1, 2012, because of a heart attack and colon cancer. (Tr. 72, 89). The state agency denied the claims at the initial stage of the administrative process. (Tr. 30-40). Thereafter, Henry requested and received an August 8, 2013, hearing before an Administrative Law Judge ("ALJ"). (Tr. 292-324). However, in a September 12, 2013, written decision, the ALJ determined that Henry was not disabled under the Social Security Act, finding at step four of the sequential evaluation process that he was able to return to his past relevant work as a maintenance supervisor. (Tr. 13-22). Henry appealed the adverse decision to the

Appeals Council. Nonetheless, on June 4, 2014, the Appeals Council denied Henry's request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 1-3).

On June 19, 2014, Henry sought review before this court. He alleges that,

(1)  the ALJ erred in his step four determination; and

(2)  had the ALJ reached step five of the sequential evaluation analysis, application of Medical-Vocational Rule 202.02 would have compelled a finding of "disabled."

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. Substantial evidence lies somewhere between a scintilla and a preponderance. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program

throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make

an adjustment to other work in the economy.
*See Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

### ALJ's Findings

**I.  Steps One, Two, and Three**

The ALJ determined at step one of the sequential evaluation process that Henry had not engaged in substantial gainful activity during the relevant period. (Tr. 18). At step two, he found that he suffers severe impairments of status post polyps, status post coronary artery disease, and stent replacement. *Id*. He concluded, however, that the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at step three of the process. (Tr. 19).

**II.  Residual Functional Capacity**

The ALJ next determined that Henry retained the residual functional capacity ("RFC") to perform light work, except he must avoid high concentration of fumes, dust, smoke, and other airborne irritants. (Tr. 19).[1]

---

[1] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it

**III.     Step Four**

At step four, the ALJ employed a vocational expert to find that Henry was able to return to his past relevant work as a maintenance supervisor as that job is generally performed. (Tr. 21).[2]

## Analysis

**I.     Composite Job**

Plaintiff contends that the ALJ's step four decision is flawed because his past relevant work of maintenance supervisor was a composite job that included components of a maintenance worker position – an occupation that is performed at the medium exertional level. Social Security Ruling 82-61 provides that,

> composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case. For those instances where available documentation and vocational resource material are not sufficient to determine how a particular job is usually performed, it may be necessary to utilize the services of a vocational specialist or vocational expert.

SSR 82-61: TITLES II AND XVI: PAST RELEVANT WORK -- THE PARTICULAR JOB OR THE OCCUPATION AS GENERALLY PERFORMED.

---

> requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

    [2]  Past relevant work is defined as "the actual demands of past work or 'the functional demands . . . of the occupation as generally required by employers throughout the national economy.'" *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987) (citing, Social Security Ruling 82-61)

In addition, according to the SSA's Program Operations Manual System ("POMS"):

> [i]f you [SSA adjudicator] can accurately describe the main duties of PRW [past relevant work] only by considering multiple DOT occupations, the claimant may have performed a composite job. If you determine that PRW was a composite job, you must explain why. When comparing the claimant's RFC to a composite job **as it was performed**, find the claimant capable of performing the composite job **only if he or she can perform all parts of the job**. **A composite job will not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work "as generally performed in the national economy." At step 5 of sequential evaluation, a claimant may be able to use skills he or she gained from a composite job to adjust to other work.**

POMS, DI 25005.020(B) PAST RELEVANT WORK (PRW) AS THE CLAIMANT PERFORMED IT (emphasis added).

Likewise, an ALJ must consider *each* job within a composite job. *Henson v. Colvin*, Civ. Action No. 12-3053, 2014 WL 1154275, at *4 (E.D. La. Mar. 14, 2014) (citations omitted). "An ALJ may not deem a claimant capable of performing past relevant work by dividing the demand[s] of a composite job into separate jobs and finding him capable of performing the less demanding of the two jobs." *Id*. (citation and internal quotation marks omitted).

In this case, the ALJ concluded at step four that

> [t]he exertional and nonexertional requirements of a maintenance supervisor are consistent with the claimant's residual functional capacity as determined in this decision, and therefore the claimant retains the capacity to perform this past relevant work. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as generally performed.

(Tr. 21).

In other words, the ALJ implicitly found that plaintiff's prior work was *not* a composite job. However, there is considerable record evidence to support a contrary conclusion. For instance, in the SSA Disability Report form completed by plaintiff, he indicated that he had but one job in the 15 years before he applied for disability, and that was as "apartment maintenance." (Tr. 90-91). He further indicated that he was a lead worker who had to supervise four people for

two hours per day. *Id*. Nonetheless, he also lifted and carried tools, appliances, carpet, linoleum, and paint that weighed up to 100 pounds or more, and frequently lifted items weighing 25 pounds. *Id*.

At the hearing, Henry testified that before he became self-employed, he worked as a maintenance supervisor at Riverwood Apartments for four and one-half to five years. (Tr. 301-302). Before that, he worked at "Park in the Villa Apartments" doing property maintenance. *Id*.[3] Henry described his supervisor job as making sure that the four men he supervised went to the right apartments and got the work done. (Tr. 313-314). He also ordered parts and did all of the work orders. *Id*. Although Henry interviewed the maintenance workers, his manager had final say in hiring decisions. *Id*.

The vocational expert ("VE") asked plaintiff the following, "Mr. Henry, you worked as a maintenance supervisor, but at another job you worked as a maintenance worker?" (Tr. 316). Henry replied, "[j]ust a maintenance worker, right." *Id*. The VE then proceeded to characterize plaintiff's past work as a house repairer, medium exertional level; gardener, heavy exertional level; apartment maintenance worker, medium exertional level; and maintenance supervisor, light exertional level. (Tr. 316-317).

During cross-examination, the VE reviewed plaintiff's SSA Disability Report form and opined that Henry might have performed the work as a combination of the two DOT titles. (Tr. 322-323). When asked how she would classify the combination of the two jobs, the VE stated that she would "fuse both of them." *Id*. The VE added that "[w]hen he did the supervisory work, it was at a light level, when he did the actual maintenance work, it would be a medium level."

---

[3] On another SSA form, Henry stated that he was self-employed from 2004-2012, worked for Motel 6 from 2002-2004, and worked at Riverwood Apartments from 1998-2002. (Tr. 131). However, he did not indicate that any of these jobs included duties as a supervisor. *Id*.

*Id*. Counsel then asked, "[b]ut if he actually was performing it at a medium level, you would classify it as a medium, would that be fair to say?" *Id*. The VE replied, "I would say he did both jobs . . . [a]nd I would use both DOT titles." *Id*.

While short of conclusive, the VE's testimony suggests that she considered Henry's past work as a maintenance supervisor to be a composite job that also included duties as a maintenance worker. Moreover, plaintiff's counsel argued in a post-hearing brief to the ALJ that when plaintiff was performing work as a maintenance supervisor, he also was performing the job of apartment maintenance at the medium exertional level. (Tr. 139-140). Despite the considerable record evidence, expert testimony, *and* argument of counsel, the ALJ did not address or make any specific findings regarding composite job.

In *Audler v. Astrue*, the Fifth Circuit recognized that the ALJ is required to discuss the evidence and explain the basis for his findings at each unfavorable step of the sequential evaluation process. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (citing 42 U.S.C. § 405(b)(1)). Even so, an ALJ's failure to adequately explain his determination at a particular step in the sequential evaluation process does not require remand unless it affects the claimant's "substantial rights." *Id*.[4] A claimant's substantial rights are affected when, absent a creditable explanation from the ALJ, the evidence and testimony otherwise compels a finding favorable to the claimant at the affected step in the sequential evaluation process. *See Audler, supra*.

The instant ALJ's conclusory step four determination presents the rare confluence of circumstances that requires reversal stemming from the omission of any discussion of the composite job issue. *See e.g., Hansen v. Comm'r of Soc. Sec.*, Civ. Action No. 13-13348, 2014

---

[4] In other words, the error may be harmless. *Audler, supra*. (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 2007)).

WL 5307133 (E.D. Mich. Oct. 16, 2014); *Yoakum v. Comm'r of Soc. Sec.*, Civ. Action No. 14-0074, 2015 WL 1585745 (N.D. W. Va. Apr. 9, 2015). Indeed, if plaintiff's past work as a maintenance supervisor was a composite job that included duties as a maintenance worker, then all of plaintiff's prior work would have been at the medium exertional level (or above) and incompatible with plaintiff's RFC. A step four finding in plaintiff's favor necessarily would ensue.

## II.     Reverse and Remand vs. Reverse and Render

Plaintiff urges the court to reverse with instructions to award benefits. The courts have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits. *See, Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also*, *Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits).

The instant record does not permit the court to conclusively resolve the matter in favor of plaintiff. There is potential ambiguity in the testimony from plaintiff and the VE as to whether plaintiff worked as a maintenance supervisor while concurrently fulfilling duties as a maintenance worker. Further development of the record may establish that these jobs were distinct and did not overlap.[5]

---

[5] Having determined that step four issues remain for consideration upon remand, the court need not address plaintiff's step five argument – particularly when the instant ALJ did not reach step five.

**Conclusion**

For the foregoing reasons,

IT IS RECOMMENDED that the Commissioner's decision be REVERSED and REMANDED pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent herewith.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 22nd day of May 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE